**Opinion filed August 7, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00122-CR & 11-13-00123-CR

_____

### KEVIN KEITH BEARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1057919-W & F-1060635-W**

### M E M O R A N D U M   O P I N I O N

The trial court found that Kevin Keith Beard violated the terms of his community service, and the trial court revoked his community supervision. The trial court adjudicated Appellant guilty on two counts of assault/family violence causing bodily injury,[1] assessed punishment for each conviction at confinement for a term of ten years, and ordered the sentences to run concurrently. Appellant

---

[1]TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West Supp. 2013).

appeals the findings by the trial court that Appellant failed to pay certain fees and costs; Appellant also challenges the trial court's imposition of court costs. We modify and affirm.

## I. *Background*

In each case, Appellant originally pleaded "guilty" to the offense of assault/family violence causing bodily injury. In accordance with a plea bargain, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for a term of five years in each case.

In September 2012, the State filed a motion to revoke Appellant's community supervision and proceed with an adjudication of guilt in both cases. The motions alleged that Appellant violated the terms and conditions of his community supervision in the following ways: causing injury to a child, and thereby violating State law; testing positive for marihuana; failing to refrain from contact with the victim; failing to pay required court costs, fines, and other fees; failing to complete community service; failing to participate in a domestic violence treatment program; failing to participate in Safe Neighborhood Training; and failing to participate in the Domestic Violence Impact Panel.

The court held a hearing on the State's motions, at which the State informed the court that it had struck the injury-to-a-child allegation from its motions. Appellant pleaded "not true" to each of the remaining allegations.[2] After the court heard evidence, it found the State's allegations to be true and revoked Appellant's community supervision in both cases.

## II. *Issues Presented*

In his first issue, Appellant argues that there is insufficient evidence to show that he wilfully failed to pay his court-ordered costs and fees. By his second and

[2]We note that, in both cases, the judgment incorrectly reflects that Appellant pleaded "TRUE" to the allegations in the State's motion. Accordingly, we modify the judgments to reflect that Appellant entered a plea of "NOT TRUE."

2

third issues, Appellant contends that there is insufficient evidence to support the trial court's order that requires him to pay court costs in each case.

## III. *Analysis*

By his first issue, Appellant does not challenge the trial court's revocation of his community supervision or the adjudication of his guilt in either case. Instead, Appellant challenges only the trial court's findings that he violated his community supervision by wilfully failing to pay his court-ordered costs and fees. Appellant requests that the trial court's judgment in each case be modified to accurately reflect the conditions of community supervision that he was proven to have violated: conditions (b), (l), (p), (q), (s), and (t).

The State agrees that the record contains insufficient evidence to support the allegations that Appellant failed to pay "probation-related fees." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2013); *Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012); *see also Gipson v. State*, 428 S.W.3d 107 (Tex. Crim. App. 2014). Even though the evidence may be insufficient to support the findings challenged by Appellant, a single sufficient ground for revocation supports a trial court's judgment revoking community supervision. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. [Panel Op.] 1978). Thus, to prevail on appeal, Appellant must successfully challenge all of the trial court's findings in support of revocation. *Broich v. State*, No. 05-13-00087-CR, 2013 WL 6556080 (Tex. App.—Dallas Dec. 11, 2013, no pet.); *see Jones*, 571 S.W.2d at 193–94. Because Appellant does not challenge the trial court's findings that he violated other terms and conditions of his community supervision, we need not address his challenge to the sufficiency of the evidence with respect to Appellant's failure to pay. *See* TEX. R. APP. P. 47.1; *Jones*, 571 S.W.2d at 193–94; *Broich*,

2013 WL 6556080; *Cofer v. State*, No. 05-11-01007-CR, 2012 WL 639448 (Tex. App.—Dallas Feb. 29, 2012, pet. ref'd). We overrule Appellant's first issue.

By his second and third issues, Appellant contends that there is insufficient evidence to support the trial court's order that required him to pay court costs in each case. Appellant argues that, because the clerk's record in each case does not include a bill of costs, the judgments should be reformed to delete the court costs reflected therein.

In its final judgment in cause number F-1057919-W and cause number F-1060635-W, the trial court ordered Appellant to pay $344 and $294 in court costs respectively. Although the appellate record filed in each case originally did not contain a bill of costs, the district clerk has since provided us with supplemental records containing a certified bill of costs, which includes a "Criminal Court Fee Docket" that details the amounts assessed in each case.

We find that these documents represent bills of costs for purposes of Chapter 103 of the Texas Code of Criminal Procedure[3] dealing with the tracking and collecting of court costs. *See Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014) (finding that a printout of itemized court costs accrued in the defendant's case constituted a bill of costs and holding that a bill of costs is a relevant item that can be prepared and added to the record via a supplemental clerk's record). Thus, we find that Appellant's second and third issues are now moot. *See id.* at 396 (stating that a bill of costs is the preferable method for an appellate court to conclude that costs assessed against a defendant are supported by the record). We overrule Appellant's second and third issues.

IV. *This Court's Ruling*

We modify the judgments of the trial court to reflect that Appellant entered a plea of "NOT TRUE" to the allegations in the State's motion to adjudicate. As

---

[3]CRIM. PROC. ch. 103 (West 2006 & Supp. 2013).

4

modified, the judgments of the trial court are affirmed.  *See* TEX. R. APP. P. 43.2(b).


                                        MIKE WILLSON

                                        JUSTICE


August 7, 2014

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.