

# NUMBERS 13-14-00008-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BRYAN SOLIS,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

### On appeal from the 36th District Court
### of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes and Longoria**
**Memorandum Opinion by Justice Perkes**

Appellant Bryan Solis pleaded guilty to the possession of cocaine in an amount between 4 and 200 grams, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2013 3d C.S.). The trial court placed him on five years' deferred-adjudication community supervision. The State subsequently moved to revoke his community supervision, alleging that he used a controlled substance

and failed to pay his restitution and Crime Stoppers Fee in violation of his community-supervision conditions.   Appellant pleaded true to not paying the restitution and the fee.[1] The trial court revoked his community supervision, adjudicated him guilty of cocaine possession, and sentenced him to ten years' imprisonment.   We affirm.

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating his review of the record yielded no grounds of error upon which an appeal can be predicated.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

---

[1] In reviewing a probation revocation, a single violation of probation is sufficient to support the trial court's decision to revoke. *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Herrera v. State,* 951 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1997, no pet.).   A plea of true to not paying fees does not relieve the trial court of the responsibility to inquire whether the defendant can pay the fees, *see Gipson v. State*, 383 S.W.3d 152, 157 (Tex. Crim. App. 2012), but a plea of true to not paying restitution does not trigger an ability-to-pay inquiry, *see Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014). Appellant's plea of true to nonpayment of the restitution is sufficient to support revocation.   *See Gipson*, 428 S.W.3d at 109; *see also Moses v. State,* 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979) (holding a plea of true is sufficient to support revocation); *Nino v. State,* No. 13-97-00930-CR, 1998 WL 34202482, at *1 (Tex. App.—Corpus Christi Aug.20, 1998, no pet.) (not designated for publication) (same).

2

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court, in writing, that counsel has: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of appellant's rights to file a pro se response,[2] to review the record preparatory to filing that response and seek discretionary review if the court of appeals concludes the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record, including the mailing address for the court of appeals and instructions to file the motion within ten days and lacking only appellant's signature and the date. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Adequate time has passed, and appellant has not filed either a timely motion seeking pro se access to the appellate record or a motion for extension of time to do so. Appellant has not filed a pro se brief.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

75, 80 (1988). We have reviewed the entire record and counsel's brief, and we find nothing that arguably supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record, and we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (quoting *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.))). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*,

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

4

252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of January, 2015.