

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1470-11

**RAIMOND KEVON GIPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE NINTH COURT OF APPEALS
## JEFFERSON COUNTY

**ALCALA, J., delivered the opinion of a unanimous Court.**

## O P I N I O N

Does a plea of true to failure to pay "fees" as required under conditions of community supervision waive or forfeit a claim that the defendant was unable to make those payments? Arguing that the answer is "yes," the State's petition for discretionary review challenges the court of appeals's judgment in favor of appellant, Raimond Kevon Gipson. *See Gipson v. State*, 347 S.W.3d 893, 897 (Tex. App.—Beaumont 2011). Appellant pled true to the failure-to-pay allegation without raising any argument or evidence that he was unable to pay and,

on appeal, makes that argument for the first time. Without addressing whether his argument was preserved, the court of appeals determined that there was no evidence that appellant had willfully refused to make the community-supervision payments and held that the trial court abused its discretion by revoking his community supervision. The State argues, however, that a court of appeals may not reverse on the merits of a claim without first determining that it has been preserved for appeal. We agree. Because the court of appeals found the evidence insufficient to support revocation without addressing the State's procedural argument, we remand the case to that court.

## I. Background

### A. Revocation Hearing

The trial court revoked appellant's community supervision on the basis of appellant's plea of true to the failure-to-pay allegation alone. The State's motion to revoke proceeded on the sole allegation that appellant had "failed to pay court assessed fees as directed by the Court," to which he pled true. Those "fees" included a court-ordered fine; court costs; and fees for supervision, pre-sentence investigation, and Crime Stoppers. He signed a stipulation of evidence acknowledging that he had violated the terms and conditions of his community supervision by failing to make these payments. Neither the motion to revoke nor the stipulation of evidence mentioned appellant's financial ability to pay the amounts due. Similarly, during the hearing on the motion to revoke, the parties stood mute regarding appellant's financial ability to pay the amounts due. Finding the failure-to-pay allegation

true, the trial court revoked appellant's community supervision and sentenced him to eight years' imprisonment for his underlying conviction of felony assault.

**B. The Court of Appeals**

On direct appeal, appellant raised two issues. In his first issue, he urged that the trial court erred in revoking his community supervision because, when a trial court revokes a defendant's community supervision solely for failure to make required payments, Texas Code of Criminal Procedure art. 42.12 § 21(c) requires that the State have proven that a defendant was able to pay and did not, and no evidence showed that appellant was able to pay the amounts due.[1] *See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c). We refer to this provision as the "ability-to-pay statute." *See id.* He asserted that this statute applies to all of the unpaid amounts, including those not specifically listed in it. *See id.* He also challenged the State's contention that his plea of true satisfied the State's burden of proof. He argued that, although he pled true to the allegation, the State's motion to revoke did not allege that he was able to pay, and, therefore, his plea of true does not constitute evidence that he was able to pay.

In his second issue, he argued that the trial court "committed constitutional error" in failing to inquire as to appellant's reasons for not having paid. In support, he cited *Bearden*

---

[1]     In relevant part, the statute states,

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. art. 42.12 § 21(c).

*v. Georgia*, which held that, "in a revocation proceeding for failure to pay a fine," the Fourteenth Amendment requires that "a sentencing court must inquire into the reasons for the failure to pay." 461 U.S. 660, 672 (1983).

Addressing appellant's issues together, the State responded that a defendant's plea of true precludes him from challenging the sufficiency of the evidence to support the trial court's revocation order and that a plea of true, standing alone, supports revocation of community supervision. The State explained that, "in the absence of some challenge by Appellant at the time of the hearing," the State may rely on appellant's plea of true to support any requirements under the ability-to-pay statute and *Bearden*. *See id.* at 672.

Sustaining appellant's first issue and not reaching his second, the court of appeals reversed the trial court's judgment. *Gipson*, 347 S.W.3d at 897. Interpreting appellant's first issue "as a challenge to the sufficiency of the evidence," the court of appeals acknowledged that a plea of true is "generally sufficient to support" revocation. *Id*. at 896-97 (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). The court stated, however, that "*Bearden* requires that to revoke community supervision and impose imprisonment, 'it must be shown that the probationer willfully refused to pay or make sufficient bona fide efforts to do so.'" *Id*. at 896 (quoting *Lively v. State*, 338 S.W.3d 140, 146 (Tex. App.—Texarkana 2011, no pet.)). The court observed that, because the motion to revoke alleged only failure to make the required payments, appellant's plea of true to that allegation did not satisfy the State's evidentiary burden under the ability-to-pay statute to prove that appellant was able

to pay. *Id*. at 897.

Although it acknowledged that the ability-to-pay statute explicitly includes only the failure to pay fees for appointed counsel, community supervision, and court costs, the court of appeals determined that the statute must be interpreted as also applying to failure to make other payments due under community supervision in order to comply with *Bearden*'s constitutional requirements. *Id*. at 896-97. The court determined that it was obligated to implement this due-process requirement because courts must presume that the Legislature intended for statutes to comply with the constitutions of this State and the United States. *Id*. Based on its interpretation of the ability-to-pay statute, the court determined that the State was required to prove a willful failure to pay, despite appellant's plea of true. *Id*. It concluded that the record contained no evidence that appellant had willfully refused to pay and that the trial court, therefore, had erred in revoking appellant's community supervision on that basis. *Id*. at 897.

The State filed a motion for rehearing, contending that the court of appeals had erred by deciding the merits of appellant's sufficiency challenge without first addressing the State's procedural argument. The State asserted that, because appellant had pled true to the allegation that formed the basis of revocation, any potential error was not preserved for appeal. Without opinion, the court of appeals denied the State's motion.

## C. Parties' Arguments on Discretionary Review

In its petition for discretionary review, the State reurges its direct-appeal arguments.[2]

The State contends that a defendant waives any evidence-insufficiency issue when he pleads

true to revocation allegations because no evidentiary hearing is required under those

circumstances or in the procedurally similar punishment-enhancement context. *See Mitchell*

*v. State*, 482 S.W.2d 221, 222-23 (Tex. Crim. App. 1972) (hearing not "mandatory" when

defendant pleads true to revocation allegations); *Bryant v. State*, 187 S.W.3d 397, 402 (Tex.

Crim. App. 2005) (stipulation to element of enhancement paragraph "barred" sufficiency

challenge). The State alternatively contends that, even if appellant did not waive the

sufficiency issue, his plea of true alone is sufficient evidence to support revocation. *See*

*Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984) ("[A] plea of 'true' does

constitute evidence and sufficient proof to support the enhancement allegation.").

Appellant responds by also reurging his direct-appeal arguments. He claims that the

State had the burden to prove that his failure to pay fees was willful despite his plea of true

and that, because the motion to revoke did not allege that he was able to pay the fees, his plea

---

[2]     The State's sole issue in its petition for discretionary review asks,

> Does a defendant's plea of true to the State's allegations in a motion to revoke community supervision that the defendant failed to pay the court-assessed fine, costs, and fees relieve the State and the trial court of the requirement to establish that no payment was made despite the ability to do so, the failure to pay was willful, and no bona fide effort to pay was made before supervision can be revoked?

The State explains that "[a]ppellant's plea of true not only served to prove what the State alleged but also constituted a waiver."

of true does not constitute evidence of his ability to pay.

## II. Analysis

### A. Pleas of True Alone Have Generally Permitted Revocations of Community Supervision

This Court has held that a defendant who states that he does not desire to contest a motion to revoke may not complain, on appeal, of a trial court's failure to hear evidence on the motion. *See Mitchell*, 482 S.W.2d at 222-23; *Cole*, 578 S.W.2d at 128 ("[S]ufficiency of the evidence could not be challenged in the face of a plea of true"). However, these holdings pre-dated *Marin v. State*, in which we explained that certain requirements and prohibitions are absolute and that certain rights must be implemented unless expressly waived. 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). These holdings also pre-dated enactment of the ability-to-pay statute. *See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c).

In *Menefee v. State*, we were confronted with the similar issue of whether "the appellant procedurally defaulted his [Texas Code of Criminal Procedure] Article 1.15 sufficiency claim because he made no complaint about" any evidentiary deficiency at trial. 287 S.W.3d 9, 18 (Tex. Crim. App. 2009). "Because issues of error preservation are systemic in first-tier review courts," we remanded the question to the court of appeals to decide the question within the *Marin* framework. *Id*.; *see also*, *e.g.*, *Patterson v. State*, 204 S.W.3d 852, 857 (Tex. App.—Corpus Christi 2006, pet. ref'd) (deciding appellant's accomplice-witness-corroboration sufficiency challenge under Texas Code of Criminal Procedure art. 38.14 not subject to default under *Marin* framework).

As in *Menefee*, we must remand the State's procedural arguments to the court of appeals to determine whether, by pleading true to an allegation that he failed to pay and by failing to assert his inability to pay, a defendant waives or forfeits a claim that he is unable to pay. *See Menefee*, 287 S.W.3d at 18. Although the court of appeals failed to address the State's procedural arguments, it did analyze the ability-to-pay statute and federal constitutional requirements in its sufficiency analysis. We, therefore, must evaluate that analysis to the extent that it may impact this case on remand.

**B. Law Applicable to a Defendant's Failure to Pay Fees Due Under Community Supervision**

Over the last twenty years, three sources of legal authority—the federal Constitution as interpreted by Supreme Court precedent; Texas statutes; and Texas common law—have addressed the permissibility of revocation or incarceration when a defendant is unable to pay amounts due under community supervision. Analysis of the State's procedural argument may depend on which of these sources governs the substantive issue. Because we disagree with portions of the court of appeals's substantive analysis, and because that analysis may impact its procedural analysis on remand, we discuss the applicable substantive law.

**1. Federal-Constitutional Law**

Contrary to the court of appeals's conclusion, *Bearden* does not place an evidentiary burden on the State. Rather, it sets forth a mandatory judicial directive that requires a trial court to (1) inquire as to a defendant's ability to pay and (2) consider alternatives to imprisonment if it finds that a defendant is unable to pay. *Bearden*, 461 U.S. at 672. The

Court stated,

> [I]n revocation proceedings for failure to pay a fine or restitution, *a sentencing court must inquire into the reasons for the failure to pay*. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, *the court must consider alternative measures of punishment other than imprisonment.* Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Id.* (emphasis added). The Court held that, when a defendant "has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Id.* at 668-69.

The Supreme Court reasoned that it could be unconstitutional to deprive a defendant of his liberty when he was unable to pay. *Id.* at 672-73. Noting that "[d]ue process and equal protection principles converge in the Court's analysis," it concluded that, "[b]y sentencing petitioner to imprisonment simply because he could not pay the fine, without considering the reasons for the inability to pay or the propriety of reducing the fine or extending the time for payments or making alternative orders, the court automatically turned a fine into a prison sentence" in violation of the Fourteenth Amendment. *Id.* at 665, 674.

Appellant raised a *Bearden* violation by his second issue, contending that the trial court "committed constitutional error" by failing to inquire into the reasons for his failure to pay, but the court of appeals did not reach that issue. *See Gipson*, 347 S.W.3d at 897 n.2.

The court of appeals, however, discussed *Bearden* in its analysis of appellant's first issue, in which he challenged the sufficiency of the evidence to support revocation, and applied it as the sufficiency standard of review: "*Bearden* requires that to revoke community supervision and impose imprisonment, 'it must be shown that the probationer willfully refused to pay or make sufficient bona fide efforts to do so[,]' and '[w]e will review the sufficiency of the evidence with this as the standard.'" *Gipson*, 347 S.W.3d at 896 (quoting *Lively*, 338 S.W.3d at 146).

We do not read *Bearden* so broadly for two reasons. First, as discussed, *Bearden* prescribes a mandatory judicial directive, not a prosecutorial evidentiary burden. *Bearden*, 461 U.S. at 668-69, 672. Second, *Bearden* does not categorically prohibit incarceration of indigent defendants as the court of appeals suggests; rather, it permits incarceration when "alternative measures are not adequate to meet the State's interests in punishment and deterrence." *Id*. By misreading *Bearden* as imposing an evidentiary burden on the State, the court of appeals erred in applying it as the standard for reviewing appellant's sufficiency claim. On remand, therefore, *Bearden* will be inapplicable to analysis of appellant's first issue. Only if the court of appeals reaches appellant's second issue must it analyze *Bearden*. In that event, it must address the State's procedural argument that, although *Bearden* requires consideration of a defendant's financial circumstances when he is sentenced to imprisonment, appellant's plea of true dispenses with that requirement.

### 2. Texas Statutory Law

At least a part of appellant's sufficiency claim is governed by the ability-to-pay statute, which requires the State to prove, at a revocation hearing, that a defendant was able to pay and failed to pay certain fees. TEX. CODE CRIM. PROC. art. 42.12 § 21(c). This statute expressly applies to fees for appointed counsel, community supervision, and court costs. *Id*. The trial court revoked appellant's community supervision, not only for failure to make those payments explicitly listed in the statute, but also for failure to pay a fine and fees for Crime Stoppers and pre-sentence investigation, which are not specifically listed in the statute. *See id*. The court of appeals determined that the statute applied to all of the amounts unpaid by appellant because the legislative history of the statute revealed that the Legislature intended that it conform to the due-process requirements set forth in *Bearden*. *Id*. As discussed, however, the court of appeals erred in construing the due-process requirement described in *Bearden* as an evidence-sufficiency requirement. *See Gipson*, 347 S.W.3d at 896. Because the court of appeals misapplied *Bearden* in its analysis of the ability-to-pay statute, we remand this case so that the court may consider, in light of this opinion, whether the ability-to-pay statute applies to appellant's unpaid amounts that are not explicitly listed in the statute.

If the ability-to-pay statute does not apply to all of the amounts for which appellant's community supervision was revoked, then the court of appeals must consider whether common law would apply to those amounts not statutorily enumerated and, in either event, whether a plea of true waives or forfeits appellant's sufficiency challenge.

### 3. Texas Common Law

In the event that the court of appeals determines that the ability-to-pay statute does not apply to all of the unpaid amounts, the court may need to determine whether Texas common law would apply to the remaining unpaid amounts to which the statute does not apply.

Applicable common law has varied over the past fifty years. Prior to the 1977 codification of the law pertaining to revocation proceedings involving failure to make required payments, this Court, in reviewing a sufficiency challenge to revocation based on failure to pay, routinely held that the evidence must show (1) that a defendant was able to pay and (2) that he had acted intentionally. *See Whitehead v. State*, 556 S.W.2d 802, 805 (Tex. Crim. App. 1977) ("[A]bsent a showing of a probationer's ability to make the restitution payments, and that his failure was intentional, it is an abuse of discretion for a court to revoke probation on this failure to make payments."); *see also McKnight v. State*, 409 S.W.2d 858, 859-860 (Tex. Crim. App. 1966) (enforcing these common-law requirements); *Taylor v. State*, 353 S.W.2d 422, 424 (Tex. Crim. App. 1962) (same).

In 1977 and continuing until 2007, the Legislature made inability to pay an affirmative defense to revocation. *See* former TEX. CODE CRIM. PROC. 42.12 § 8(c), Act of May 28, 1977, 65th Leg., R.S., ch. 342 (S.B. 32), §§ 1, 2, effective August 29, 1977. Some of this Court's decisions during that period interpreted the codification as disposing of the common-law requirement that the State prove that a defendant's failure to pay was intentional or willful. *See Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979) (explaining that

1977 amendment made inability to pay an affirmative defense and holding that, because "there was a complete failure to prove the affirmative defense of inability to pay by a preponderance of the evidence[, i]t was not an abuse of discretion to revoke appellant's probation."); *Hill v. State*, 719 S.W.2d 199, 201-02 (Tex. Crim. App. 1986). At least one decision, however, held that the codification did not dispose of that common-law requirement. *See Stanfield v. State*, 718 S.W.2d 734, 737-38 (Tex. Crim. App. 1986) (holding that, although Legislature had made inability to pay an affirmative defense, "the State still has the burden of proving an alleged failure to pay fees, costs and the like was intentional.").[3]

If the ability-to-pay statute does not pertain to revocation for fines and fees for Crime Stoppers and pre-sentence investigation, then the court of appeals must (1) consider whether the common-law requirement has been statutorily superseded or whether it would still apply to those payments and (2) decide how that determination would impact the question of whether appellant's sufficiency claim is procedurally barred. Because the requirements under the ability-to-pay statute may differ from those under common law, resolution of the State's procedural arguments may depend upon which applies. For example, the ability-to-pay

---

[3]    In *Stanfield*, this Court commented that the 1977 amendment that made inability to pay an affirmative defense "may be constitutionally questionable in light of [*Bearden*]." *Stanfield v. State*, 718 S.W.2d 734, 735 n.2 (Tex. Crim. App. 1986) (referring to *Bearden v. Georgia*, 461 U.S. 660, 672 (1983)). Regardless of whether the Legislature intended that its 1977 amendment supersede the common-law requirement that the State prove intentional failure to pay, we conclude that the 2007 amendment dispensed with that requirement with respect to the payments listed in the statute because, by its plain language, the ability-to-pay statute requires only that the State demonstrate, by a preponderance of the evidence, that the defendant was able to pay and did not. *See* TEX. CODE CRIM. PROC. art. 42.12 § 21(c). The question remains whether the statute includes only those payments specifically enumerated or whether it applies to a fine and fees for Crime Stoppers and pre-sentence investigation.

statute dictates what the State must show at a "hearing" at which only failure to pay is alleged. TEX. CODE CRIM. PROC. art. 42.12 § 21(c). The court of appeals did not discuss whether appellant's plea of true and stipulation to the allegation would constitute a "hearing" so as to trigger the evidentiary requirements of the ability-to-pay statute. By contrast, under common law, the analysis appears to have turned on whether evidence of a defendant's ability to pay was introduced rather than on whether a "hearing" was held. *See, e.g., Jones*, 589 S.W.2d at 421.

We agree with the State that the court of appeals's opinion fails to address the State's procedural challenge regarding preservation of appellant's sufficiency claim. A court of appeals must hand down a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; *Keehn v. State*, 233 S.W.3d 348, 349 (Tex. Crim. App. 2007) (per curiam). "[I]ssues of error preservation are systemic in first-tier review courts"; such issues "must be reviewed by the courts of appeals regardless of whether the issue is raised by the parties." *Menefee*, 287 S.W.3d at 18; *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005). An appellate court "may not *reverse* a judgment of conviction without first addressing any issue of error preservation." *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010). Because the court of appeals did not address the State's procedural questions before reversing the case on insufficiency grounds, we sustain the State's sole issue and reverse the judgment of the court of appeals.

## Conclusion

The court of appeals erred in failing to address the State's procedural arguments before reversing the trial court's judgment revoking appellant's community supervision on sufficiency grounds. We reverse the judgment of the court of appeals and remand the case for proceedings consistent with this opinion.


Delivered: November 14, 2012

Publish