

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1369-12

---

**CRAIG RUDY REYNOLDS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BOSQUE COUNTY

---

**PRICE, J., filed a dissenting opinion in which WOMACK, J., joined.**

### DISSENTING OPINION

Having concluded that the 2005 amendments to Chapter 62 of the Texas Code of Criminal Procedure for the first time required the appellant to register as a sex offender, the Court turns next to the appellant's claim that this belated requirement violated the constitutional prohibition against retroactive laws. Although the court of appeals addressed

this question on the merits,[1] and we granted the appellant's petition for discretionary review to address it on the merits too, the Court today declines to do so, holding instead—for the first time on discretionary review—that the appellant was required to preserve such a claim in the trial court and failed to do so. Unlike the Court, I would reach the merits of the important retroactivity issue we granted review to address and, were we to reverse the court of appeals's judgment with respect to that issue, remand the cause to the court of appeals to address the extant preservation issue. Because the Court does not, I dissent.

Issues of error preservation, we have said, are systemic in first-tier appellate courts.[2] This means that an appellate court may not reverse a conviction without first addressing any plausible argument, whether raised by the parties or not, that the purported error necessitating reversal is subject to error-preservation requirements and, if so, whether that error has been preserved for appeal.[3] Here, however, because the court of appeals *affirmed* the trial court's judgment, the principle upon which the Court relies does not even apply. Courts of appeals are always permitted to affirm judgments of conviction on the merits of the issues raised without necessarily also reaching issues of procedural default (whether raised by the parties or not), for in that event they have addressed every issue "necessary to final disposition of

---

[1] *Reynolds v. State*, 385 S.W.3d 93, 99-100 (Tex. App.—Waco 2012).

[2] *E.g.*, *Menefee v. State*, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009).

[3] *E.g.*, *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012).

the appeal."[4] Only if we should later reverse the lower court's judgment that affirmed the conviction does the issue of procedural default then become "necessary to final disposition of the appeal"—on remand.

Moreover, even when an appellate court has *reversed* a conviction without addressing a question of error preservation (which is not the situation here), this Court will usually vacate the lower court's judgment and remand the cause for the court of appeals to undertake the inquiry in the first instance.[5] This is not to say that we *must* remand; we have indeed held that we *may* conduct the error preservation analysis in the first instance on discretionary review.[6] But, in my view, we should do so only when it allows us to reach the issue we actually exercised our discretionary authority to review—presumably an issue of greater jurisprudential value than a run-of-the-mill question of procedural default (or else we would not have granted discretionary review in the first place).[7] Any other attitude tends to demean

---

[4] TEX. R. APP. P. 47.1.

[5] *Gipson*, 383 S.W.3d at 159.

[6] *E.g.*, *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005); *Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009).

[7] *See Ford*, 305 S.W.3d at 541 (Price, J., concurring) ("I usually prefer to remand a cause to the court of appeals to address that systemic issue in the first instance rather than to address it ourselves on discretionary review in the absence of a lower court ruling. But there is precedent for our doing so for the first time on discretionary review, [citing *Haley, supra*] and doing so in this case allows us to address the more important issue for which we granted review."). And, indeed, on those occasions in which the Court has addressed procedural default for the first time on discretionary review, without a ruling from the lower court on that question, it has typically been to declare the error preserved so that we could then proceed unencumbered to the merits of the issue upon which

the office of discretionary review—to shepherd the jurisprudence by providing authoritative and final dispositions on issues of paramount importance.

It is perfectly within our discretionary review capacity to also decide the merits of the retroactivity issue and then, if need be, remand the cause to the court of appeals to resolve any extant issue with respect to error preservation.[8]  That is the course of action the Court ought to take today.  Because it does not, I respectfully dissent.

FILED:       February 12, 2014
PUBLISH

---

we actually granted discretionary review.  *Haley*, 173 S.W.3d at 517;  *Ford*, 305 S.W.3d at 534.

[8] *See Menefee*, 287 S.W.3d at 18 (holding that the court of appeals erred to find no error in the case and then remanding to the court of appeals to conduct, *inter alia*, procedural default analysis in the first instance).