

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00238-CR

RODERICK A. WILLIAMS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Roderick A. Williams of family violence assault, and the trial court sentenced him to 365 days' confinement. In his sole issue, Appellant argues that his sentence was excessive and disproportionate, considering the actions for which he was convicted. Because the trial court committed no reversible error, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant was accused of pulling his wife's hair and slapping her on the cheek. The jury returned a general verdict of guilty. The complainant testified that she had been angry because Appellant had not gone to the hospital with her when she gave birth to their son. After she returned home, she was feeding the baby and lashed out at Appellant, calling him a name. She testified that Appellant had responded by grabbing her hair and slapping her. She testified that the slap hurt. She responded by calling 911, and she also called Appellant's parole officer. The complainant admitted that she had told the parole officer that she wanted Appellant to go back to jail, but she also testified that by the time of trial she was no longer angry with him and really did not want him prosecuted. Although the original reports suggested that she had been holding the baby at the time Appellant slapped her, at trial, she testified that she had already put the baby down before Appellant slapped her.

The State proved that Appellant had an extensive history of prior felony convictions, including a prior assault that had been alleged as family violence. The record reflected, and the trial court found, that the family violence allegation had been waived in that prior case.

Appellant was allowed to present argument regarding the punishment that he thought was appropriate. Appellant argued, essentially, that the punishment should fit the crime and that the crime was minor. He also focused on the fact that the complainant did not want to prosecute him but, rather, wanted to marry him. Appellant did not specifically argue proportionality.

2

Although the judgment states that "the Defendant being asked by the Court if he had any sufficient reason why sentence should not be pronounced against him failed to give such reason," the reporter's record contradicts this statement. The trial court did not ask Appellant that question or any similar question to give him the opportunity to raise the issue he raises on appeal. Thus the trial court contravened article 42.07 of the code of criminal procedure.[2]

The State argues that Appellant failed to preserve his complaint. The Texas Court of Criminal Appeals instructs us that "[t]he requirement that an objection be raised in the trial court assumes that the appellant had the opportunity to raise it there,"[3] and that the idea that "issues of error preservation are systemic in first-tier review courts," stated in its 2009 case *Menefee v. State*[4] and elsewhere, "means only that a court of appeals may not *reverse* a judgment of conviction without first addressing any issue of error preservation."[5] "Given

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

[3] *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013).

[4] 287 S.W.3d 9, 18 (Tex. Crim. App. 2009).

[5] *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 1827 (2011); *see also Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012) (relying on quote cited above in *reversing* case in which appellate court had not addressed the State's procedural challenge before *reversing* the case on sufficiency grounds).

3

our disposition of [this] case"[6] on the merits of Appellant's issue, "there is no need for us to address error preservation."[7]

In addressing Eighth Amendment proportionality complaints, "[w]e first make a threshold comparison of the gravity of the offense against the severity of the sentence. We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender."[8] Only if we decide that the sentence is disproportionate at this threshold level do we further compare the sentence to sentences imposed on other criminals in the same jurisdiction and sentences imposed for the same crime in other jurisdictions.[9]

The statutory range of punishment for the Class A misdemeanor is confinement for up to 365 days and a fine up to $4000.[10] Given Appellant's criminal history and the circumstances of this family violence assault—the complainant had recently given birth and there was some evidence that the infant

---

[6]*Id.*

[7]*Id.*

[8]*Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 291–92, 103 S. Ct. 3001, 3010 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849 (1992)).

[9]*Id.* at 541.

[10]*See* Tex. Penal Code Ann. §§ 12.43(a), 22.01(a) (West 2011).

4

was in her arms during the assault—we hold that the sentence is not disproportionate.

We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

WALKER, J., filed a concurring opinion in which MCCOY, J., joins.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 24, 2014