

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00801-CR

Jason **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8235
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 16, 2015

AFFIRMED

Jason Martinez appeals his conviction for aggravated sexual assault of a child and his punishment of twenty-five years' confinement and a $1,500 fine. Martinez's sole issue is that the trial court erred by revoking his community supervision without conducting an independent review of the sufficiency of the evidence, and rendering a judgment of conviction based solely upon his plea of true to an allegation that he violated a condition of his community supervision. We affirm the judgment.

In 2012, a grand jury indicted Martinez for aggravated sexual assault of a child. Martinez pled no contest, and the trial court deferred adjudication and placed Martinez on community supervision for ten years. A condition of Martinez's community supervision was to "[n]either commit nor be convicted of any offense against the Laws of the State of Texas."

In 2014, the State moved to revoke Martinez's community supervision and adjudicate his guilt on the charge of aggravated sexual assault of a child because Martinez "committed the offense of Violation of Sex Offender Registration." At a hearing on the State's motion, Martinez pled true to the allegation that he committed the offense of violation of sex offender registration as the State alleged in its motion. No evidence was admitted during the hearing. The trial court thereafter adjudicated Martinez's guilt, signed a judgment of conviction for aggravated sexual assault of a child, and imposed punishment.

Martinez appeals the judgment, arguing the trial court erred by adjudicating his guilt solely because he pled true to the State's allegation that he violated a condition of his community supervision. Martinez contends the trial court was required to hold an evidentiary hearing and base an adjudication of guilt upon sufficient evidence that Martinez actually violated a condition of his community supervision.

A plea of true to an allegation that a defendant has violated a condition of his community supervision is sufficient to support the revocation of community supervision and adjudicate guilt. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979). The Fourteenth Amendment provides an exception to this rule and requires trial courts to conduct an evidentiary hearing when the sole basis for revoking community supervision is a defendant's failure to pay fines and restitution. *See Gipson v. State*, 383 S.W.3d 152, 156-57 (Tex. Crim. App. 2012) (citing *Bearden v. Georgia*, 461 U.S. 660, 672 (1983) for the proposition that the Fourteenth Amendment requires courts to inquire

into a defendant's ability to pay). However, Martinez's failure to pay fines and restitution was not the basis upon which the trial court revoked his community supervision. The trial court revoked Martinez's community supervision because he pled true to the State's allegation that he committed an offense by failing to register as a sex offender. Martinez cites no authority that a trial court must conduct an evidentiary hearing under these circumstances. Because we are bound by the holdings of the Court of Criminal Appeals, we may not recognize such an exception in this case. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128; *see also Patterson v. State*, 353 S.W.3d 203, 213 (Tex. App.—San Antonio 2011, pet. dism'd) ("As an intermediate appellate court, we are bound to follow statements by the Court of Criminal Appeals that constitute deliberate and unequivocal declarations of criminal law.").

Martinez further argues we should extend the holding in *Menefee v. State*, 287 S.W.3d 9 (Tex. Crim. App. 2009), which requires a trial court to conduct a sufficiency review of the evidence when a defendant enters a guilty plea with stipulated evidence, to a trial court's revocation of community supervision. Doing so would conflict with the Court of Criminal Appeals' holdings in *Moses* and *Cole*, as modified by *Gipson*, that a defendant's plea of true to an allegation that he violated a condition (other than paying fines and restitution) of his community supervision is sufficient to support the revocation of community supervision and adjudicate guilt. *See Gipson*, 383 S.W.3d at 154; *Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128; *Patterson*, 353 S.W.3d at 213.

In conclusion, we overrule Martinez's sole issue and affirm his conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH