

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## PD-0731-15

**HENRY WILSON RICHARDS, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

*Per curiam.*

## O P I N I O N

Appellant was stopped for a traffic violation and was ultimately arrested for driving while intoxicated. The arresting officer determined that appellant had two prior DWI convictions, and ordered a warrantless blood draw pursuant to Texas Transportation Code section 724.012(b)(3)(B).

Appellant filed a motion to suppress evidence, seeking suppression of the blood evidence obtained in the warrantless draw. After a hearing, the trial court denied the motion. The trial court entered findings of fact and conclusions of law. Appellant thereafter pled

guilty before the court. The trial court imposed a sentence of ten years confinement, suspended the sentence and placed appellant on community supervision for five years.

Appellant challenged the warrantless blood draw in a single issue on appeal. Appellant argued in his brief on appeal that the warrantless blood draw violated his rights under the Fourth Amendment and *Missouri v. McNeely*, __ U.S. __, 133 S. Ct. 1552 (2013), and claimed that there were no exigent circumstances and that the good faith exception does not apply. The State filed a reply brief, arguing in part that appellant had only preserved a challenge to the facial constitutionality of section 724.012 and had failed to preserve an as-applied challenge to the constitutionality of the statute under the Fourth Amendment. Appellant filed a reply to the State's brief, contending that he preserved all of the issues raised in his appellate brief.

The court of appeals concluded that given the absence of a warrant, the absence of exigent circumstances, and the absence of valid consent, the State did not establish that the warrantless blood draw was reasonable under the Fourth Amendment or that a recognized exception to the warrant requirement applied. *Richards v. State*, No. 05-14-00075-CR, slip op. (Tex. App.–Dallas May 20, 2015)(not designated for publication). The court held that the trial court erred in denying appellant's motion to suppress evidence, and reversed and remanded.

The State has filed a petition for discretionary review claiming, in part, that the court of appeals erred in failing to address the preservation of error question. We agree.

A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue of error preservation.'" *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2014)(emphasis in original) (quoting *Meadoux v. State*, 352 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010).

We therefore grant grounds (1) and (2) of the State's petition, vacate the judgment of the court of appeals, and remand this case to that court to address whether appellant preserved his claim that the warrantless blood draw, taken pursuant to Texas Transportation Code section 724.012(b)(3)(B), violated his Fourth Amendment rights. TEX. R. APP. P. 67.1.

We refuse ground (3) of the State's petition for discretionary review with prejudice. *Villarreal v. State*, PD–0306-14 (Tex. Crim. App. Nov. 26, 2014).

Delivered: January 27, 2016
Do Not Publish