

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

PD-0662-15

**TAYLOR M. MOSER, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS
GILLESPIE COUNTY**

*Per curiam.*

**O P I N I O N**

Appellant was charged with intoxication manslaughter after a car he was driving

crashed, killing one of the occupants. Appellant was transported to a hospital with injuries,

where he was subjected to a warrantless blood draw at the direction of a DPS officer.

Appellant filed three motions to suppress evidence. One of the motions alleged that his

arrest and search "was without valid warrant, reasonable suspicion, or probable cause" in

violation of the Fourth Amendment, the Texas Constitution, and article 38.23 of the Texas

Code of Criminal Procedure, among other allegations. At a hearing on the motions, defense

counsel summarized their argument as follows: "It's our position that [the trooper] did not have

probable cause to arrest Mr. Moser on the night in question and that's because he didn't have probable cause to arrest him under 724.012 of the . . . Texas Transportation Code, that a mandatory specimen was basically illegal, so the results of that blood test that was taken by [the trooper] should be suppressed." Defense counsel further stated that the three motions were essentially combined and all turned upon whether there had been probable cause to arrest: "If he didn't have probable cause to arrest, then it's our position the blood test should be suppressed." The State argued that application of section 724.012 justified the warrantless draw. Appellant responded by arguing that even if 724.012 allows a warrantless draw, there must still be probable cause to arrest, and here there was not probable cause. The trial court overruled the motions to suppress and found in part that there was probable cause to arrest. Appellant pled guilty pursuant to a plea bargain.

On appeal appellant argued the trial court erred in denying his motions to suppress the results of the warrantless, nonconsensual blood tests because the admission of such results violated his rights under the Fourth Amendment, citing *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). Following this Court's opinion in *State v. Villarreal*, PD-306-14 (Tex. Crim. App. Nov. 26, 2014), the court of appeals held that because the State did not show that the warrantless blood draw was reasonable under the Fourth Amendment, appellant's motions to suppress the blood test results should have been granted. *Moser v. State*, No. 04-13-00826-CR slip op. (Tex. App.–San Antonio April 29, 2015). The court reversed and remanded for a new trial.

The State has filed a petition for discretionary review claiming, in ground (1), that the court of appeals erred in failing to address whether appellant preserved error before addressing,

and reversing on, the merits of his point of error. The State contends that appellant's motions to suppress and his arguments at the suppression hearing never challenged the validity of the draw mandated by Transportation Code section 724.012(b)(1)(A), based upon *McNeely.* The State argues that citation to the Fourth Amendment is insufficient to raise a claim that 724.012(b)(1)(A) violates the Fourth Amendment by not requiring a warrant.

We agree that the court of appeals should have addressed preservation in its opinion. A court of appeals must issue a written opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue of error preservation.'" *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2014)(emphasis in original) (quoting *Meadoux v. State*, 352 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010); *see also Douds v. State*, PD-9857-14 (Tex. Crim. App. Oct. 14, 2015)(defendant's global trial complaints about warrantless blood draw were insufficient to apprise trial court to consider whether there were exigent circumstances to permit warrantless draw).

The State also argues, in ground (4) of its petition before this Court, that the court of appeals erred in failing to consider whether exigent circumstances justified the warrantless draw as a basis for upholding the trial court's ruling on the motions to suppress. We agree. In the event the court of appeals decides that error was preserved on appellant's *McNeely*-based claim, it should then address whether the warrantless blood draw was justified based upon exigent circumstances. *Cf. Valtierra v. State*, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010)(reviewing court will sustain trial court's ruling if reasonably supported by the record and correct on any theory of law applicable to the case); TEX. R. APP. P. 47.1.

We therefore grant grounds (1) and (4) of the State's petition, vacate the judgment of the court of appeals, and remand this case to that court address (1) whether appellant preserved his claim that the warrantless blood draw, taken pursuant to Texas Transportation Code section 724.012(b)(3)(B), violated his Fourth Amendment rights, and, if so, then (2) whether exigent circumstances existed which justified the warrantless blood draw. Tex. R. App. P. 67.1.

We refuse ground (2) of the State's petition for discretionary review without prejudice, and refuse ground (3) of the State's petition for discretionary review with prejudice.

DELIVERED January 27, 2016
DO NOT PUBLISH