

# NUMBER 13-22-00384-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DAVID MICHAEL ISASSI,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant David Michael Isassi appeals the trial court's judgment revoking his community supervision, adjudicating him guilty of aggravated assault with a deadly weapon, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(a)(2), and sentencing him to twenty years' imprisonment. In one issue, Isassi argues his twenty-year

sentence is grossly disproportionate to the seriousness of the offense in violation of the Eighth Amendment's proscription of cruel and unusual punishment. *See* U.S. CONST. amend VIII. We affirm.

## I.    BACKGROUND

A grand jury returned an indictment charging Isassi with two counts of aggravated assault. The first count alleged that Isassi caused bodily injury to the complainant while using or exhibiting a hammer. *See id*. The second count alleged that Isassi threatened the complainant with imminent bodily injury while using or exhibiting a knife. *See id.* Isassi pleaded guilty to count two pursuant to a plea agreement in exchange for the State's recommendation to dismiss count one. The trial court accepted Isassi's guilty plea, ordered the dismissal of count one, and placed Isassi on deferred adjudication-community supervision for seven years.

The trial court later held a hearing on the State's second amended motion to revoke community supervision and adjudicate guilt, during which the State proceeded on the following alleged violations:[1] (1) failing to abide by zero tolerance supervision; (2) possessing a firearm; (3) tampering with evidence; (4) associating with persons of disreputable or harmful character; (5) admitting to marijuana use; (6–7) testing positive for cocaine and marijuana; (8) failing to report to Isassi's community supervision officer; (9) failure to submit to a urinalysis; and (10–19) failing to pay court costs, fines, and fees. Isassi pleaded not true to each alleged violation.

---

[1] The State filed two previous motions to revoke and adjudicate guilt, which resulted in the trial court amending the conditions of Isassi's community supervision. We renumber the allegations set out in the State's live motion to reflect its abandonment of four counts.

2

After hearing evidence, the trial court found the allegations that Isassi tampered with evidence and tested positive for cocaine and marijuana not true. The trial court found true the remaining allegations. The trial court revoked Isassi's community supervision, adjudicated him guilty for aggravated assault, and sentenced Isassi to twenty years' imprisonment. This appeal followed.

## II.   CRUEL & UNUSUAL PUNISHMENT

### A.   Standard of Review & Applicable Law

The Eighth Amendment—made applicable to the states through the Fourteenth Amendment—prohibits the imposition of cruel and unusual punishments, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 560 U.S. 48, 58–60 (2010); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *id.* amend. XIV. An allegation of excessive or disproportionate punishment is a legal claim based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). To determine whether a sentence is grossly disproportionate, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.* at 323 (citing *Graham*, 560 U.S. at 60). "In the rare case in which this

3

threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

"Only twice has the Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate." *Id.* (first citing *Solem v. Helm*, 463 U.S. 277 (1983) (holding that life imprisonment without parole was a grossly disproportionate sentence for the crime of uttering a no-account check for $100); and then citing *Weems v. United States*, 217 U.S. 349 (1910) (holding that fifteen years punishment in a prison camp was grossly disproportionate to the crime of falsifying a public record)). A trial court's discretion to assess punishment within the statutory range is essentially unfettered. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual. *See Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd). Aggravated assault with a deadly weapon is a second-degree felony punishable by imprisonment "for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33(a).

## B.    Preservation

"[We] may not reverse a judgment of conviction without first addressing the issue of error preservation." *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016) (first citing *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); and then citing

4

*Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)). To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

## C. Analysis

Isassi did not object in the trial court that his sentence was disproportionate to the offense charged or unconstitutional in any manner. Furthermore, the trial court's twenty-year sentence falls within the statutory punishment range for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33(a). Accordingly, we hold that Isassi failed to preserve this complaint for our review. *See Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Even if we were to address Isassi's Eighth Amendment claim and assume a threshold inference of disproportionality, he presented no evidence in the trial court, and presents no argument on appeal, "compar[ing] [his] sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same

5

crime in other jurisdictions." *Simpson*, 488 S.W.3d at 323. Absent this comparative analysis, we are unable to conclude that the sentences are grossly disproportionate. *See id.*; *Quick v. State*, 557 S.W.3d 775, 789 (Tex. App.—Houston [14th Dist.] 2018, pet ref'd) (concluding that twenty-year sentence for aggravated assault was not grossly disproportionate); *see also Esquivel v. State*, No. 13-21-00179-CR, 2022 WL 17492274, at \*2 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, pet. ref'd) (mem. op., not designated for publication) (rejecting Eighth Amendment challenge where appellant offered no comparative evidence of sentences received by other offenders). We overrule Isassi's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
8th day of June, 2023.

6