

# NUMBER 13-23-00170-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHAUNCEY ROBIN SAUCEDO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Chauncey Robin Saucedo appeals a judgment revoking his community supervision and imposing a sentence of eight years' confinement for his theft conviction, a state-jail felony enhanced for punishment to a third-degree felony by Saucedo's two

prior state-jail felony convictions. *See* TEX. PENAL CODE ANN. §§ 12.425(a), 31.03(e)(4)(D). In one issue, Saucedo argues his sentence is grossly disproportionate to the seriousness of the offense in violation of the Eighth Amendment's proscription of cruel and unusual punishment. *See* U.S. CONST. amend VIII. We affirm.

## I. CRUEL & UNUSUAL PUNISHMENT

### A. Standard of Review & Applicable Law

The Eighth Amendment—made applicable to the states through the Fourteenth Amendment—prohibits the imposition of cruel and unusual punishments, which includes extreme sentences that are grossly disproportionate to the crime. *Graham v. Florida*, 560 U.S. 48, 58–60 (2010); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *id.* amend. XIV. An allegation of excessive or disproportionate punishment is a legal claim based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). To determine whether a sentence is grossly disproportionate, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.* at 323 (citing *Graham*, 560 U.S. at 60). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should

2

then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

"Only twice has the Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate." *Id.* (citing *United States v. Farley*, 607 F.3d 1294, 1336–38 (11th Circ. 2010)); *see Solem v. Helm*, 463 U.S. 277 (1983) (holding that life imprisonment without parole was a grossly disproportionate sentence for the crime of uttering a no-account check for $100); *Weems v. United States*, 217 U.S. 349 (1910) (holding that fifteen years punishment in a prison camp was grossly disproportionate to the crime of falsifying a public record)). A trial court's discretion to assess punishment within the statutory range is essentially unfettered. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual. *See Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

## B.      Preservation

"[We] may not *reverse* a judgment of conviction without first addressing any issue of error preservation." *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016) (first citing *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); then citing *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)). To preserve a complaint that a sentence constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds

for the ruling desired. *See* TEX. R. APP. P. 33.1(a); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Navarro v. State*, 588 S.W.3d 689, 690 (Tex. App.—Texarkana 2019, no pet.) (holding that to preserve a disproportionate-sentencing complaint, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (same).

**C.     Analysis**

In the trial court, Saucedo did not object or file a motion for new trial on the basis that his sentence was disproportionate to the charged offense or unconstitutional in any manner. Furthermore, the eight-year sentence falls within the the statutory punishment range for third-degree felony offenses, to which his sentence was enhanced for punishment purposes. *See* TEX. PENAL CODE ANN. § 12.34(a) (providing that punishment for third-degree felonies may include "any term of not more than 10 years or less than 2 years"). Accordingly, we hold that Saucedo failed to preserve this complaint for our review. *See Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."); *see also Copeland v. State*, No. 05-16-00293-CR, 2017 WL 3725729, at *3 (Tex. App.—Dallas Aug. 30, 2017, no pet.) (mem. op., not designated for publication) (holding that an eight-year sentence for theft was not cruel and unusual punishment).

Even if we were to address Saucedo's Eighth Amendment claim and assume a

4

threshold inference of disproportionality, he presented no evidence in the trial court, and presents no argument on appeal, "compar[ing] [his] sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Simpson*, 488 S.W.3d at 323. Absent this comparative analysis, we are unable to conclude that the sentences are grossly disproportionate. *See id.*; *see also Esquivel v. State*, No. 13-21-00179-CR, 2022 WL 17492274, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, pet. ref'd) (mem. op., not designated for publication) (rejecting Eighth Amendment challenge where appellant offered no comparative evidence of sentences received by other offenders). We overrule Saucedo's sole issue.

## II. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of August, 2023.

5