

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1078-24

## LUIS MORON ROMERO, Appellant

### v.

## THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Appellant confessed to the murder of Maria Marquez in an interview with police. After he confessed, he consented to giving a buccal swab for the collection of DNA evidence. At the guilt/innocence phase of trial for murder, appellant objected to the buccal swab evidence and to a report in which his DNA was linked to evidence recovered in Marquez's murder on the ground that his consent to the buccal swab had been involuntary. The trial court overruled the objection and admitted the evidence. The jury found appellant guilty of Marquez's murder.

During the punishment phase, the State presented evidence that appellant had murdered Guillermo Gonzalez about two years before Marquez's murder. A State's witness testified that appellant's buccal sample, collected in connection with the Marquez case, was provided to the police department working on the Gonzalez case. The State offered several DNA reports related to the Gonzalez murder, including two reports which compared samples of appellant's DNA (as derived from his buccal swabs) to DNA evidence collected in the Gonzalez case. Defense counsel stated that she had "no objections" to these reports. The State's witness then testified that there was a high probability that appellant's DNA matched the DNA associated with the Gonzalez murder. The jury sentenced appellant to life imprisonment and assessed a $10,000 fine.

On appeal, appellant claimed that the trial court erred in admitting his buccal swabs and the DNA analysis results because he did not voluntarily consent to police collecting his DNA. The court of appeals agreed and held that the State did not meet its burden to prove by clear and convincing evidence that appellant's consent to obtain his DNA had been voluntary. *Romero v. State*, No. 01-22-00639, slip op. at 30-32 (Tex. App.–Houston [1st Dist.] Aug 29, 2024)(not designated for publication). Appellant also contended that he was harmed by the DNA evidence at the sentencing phase. The court of appeals agreed and held that it could "not say beyond a reasonable doubt that the error did not contribute to appellant's punishment." *Id.* at 37-38.

The State has filed a petition for discretionary review challenging the court of

appeals' holding in part on the ground that it failed to address preservation of error relating to the admission of the DNA evidence offered at the punishment phase. Issues of procedural default are systemic and must be reviewed by the courts of appeals, even when the issue is not raised by the parties.[1] *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2014). "An appellate court 'may not *reverse* a judgment of conviction without first addressing any issue of error preservation.'" *Id.* (emphasis in original) (quoting *Meadoux v. State*, 352 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010)).

We therefore grant grounds (1) and (2) of the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court for proceedings consistent with this opinion.[2]

DELIVERED March 26, 2025
DO NOT PUBLISH

---

[1] The State raised preservation in a motion for rehearing in the court of appeals. The court denied the motion.

[2] We refuse without prejudice ground (3), challenging the court of appeals' holding that appellant's consent to the buccal swab was involuntary.