**14-15-00606-CR-Affirmed as Reformed; and 14-15-00607-CR-Affirmed Memorandum Opinion filed August 30, 2016.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-15-00606-CR**
**NO. 14-15-00607-CR**

---

**LEWIN E. BEARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 12-CR-1192 & 12-CR-1305**

---

## M E M O R A N D U M   O P I N I O N

Appellant Lewin E. Beard appeals his convictions for (1) assault causing bodily injury – family violence by strangulation, with a previous conviction for a similar offense, and (2) aggravated assault with a deadly weapon. In two issues, appellant contends the trial court abused its discretion in revoking his probation because there was evidence that appellant's probation officer was aware of

appellant's inability to pay court-ordered costs and fees as well as his lack of transportation, and there was insufficient evidence to prove appellant committed the new offense of evading arrest. We affirm.

## BACKGROUND

Appellant entered pleas of guilty to the offenses of (1) assault causing bodily injury – family violence by strangulation, with a previous conviction for a similar offense, and (2) aggravated assault with a deadly weapon. The parties agreed to a punishment recommendation of two years' deferred adjudication community supervision. On November 2, 2012, the trial court signed orders deferring adjudication of appellant's guilt in each case and assessing punishment in accordance with the recommendation.

The State subsequently filed motions to adjudicate guilt and revoke community supervision in each case, which resulted in orders modifying the conditions of appellant's probation. In April 2015, the State filed its final motions to adjudicate guilt, as amended, and alleged appellant had violated six conditions of his probation. In appellant's assault causing bodily injury case, the State alleged appellant violated the conditions of his probation by:

- Committing the offense of evading arrest or detention, with a previous conviction.
- Failing to report in person to the supervision officer for the months of November and December 2014 and January 2015.
- Failing to pay court costs.
- Failing to reimburse Galveston County for compensation of appointed counsel.
- Failing to participate in the community work program.
- Failing to enroll in a domestic violence and/or anger control program.

In appellant's aggravated assault case, the State alleged appellant violated the

2

conditions of his probation by:

- Committing the offense of evading arrest or detention, with a previous conviction.
- Failing to report in person to the supervision officer for the months of November and December 2014 and January 2015.
- Failing to pay supervision fees.
- Failing to pay court costs.
- Failing to pay the Crime Stoppers Program payment.
- Failing to participate in the community work program.

On June 18, 2015, the trial court held a hearing on the State's motions to revoke and adjudicate guilt. At the beginning of the hearing, appellant entered pleas of true to two of the violations alleged in each case: that he failed to report in person to the probation department and that he failed to participate in the community work program. Appellant stated on the record that he was not coerced or forced into entering his pleas of true. Appellant entered pleas of not true to all remaining allegations.

Probation officer Brittany Fowler testified at the hearing. Fowler testified that the conditions of appellant's probation were modified twice. Fowler further testified regarding whether appellant had complied with the conditions of his probation. Fowler testified that appellant violated condition number one, to not commit any new offenses, when he was arrested for evading arrest or detention. Fowler further testified that appellant had failed to pay in full all of the court-ordered fees and costs, which were requirements of his probation. Appellant reported to Fowler that he was employed at Preferred Construction, but Fowler never received verification of employment. Fowler discussed the failure to pay fees with appellant during each of the approximately ten office visits they had together. At least a couple of times, appellant told Fowler that he was behind on payments

3

because "he didn't have it or work was down or child support." Fowler provided appellant with information regarding possible jobs for which he could apply, but did not know whether appellant ever followed up on that information.

Fowler further testified that appellant was required to enroll in a domestic violence or anger management class within thirty days as one of the conditions in his assault causing bodily injury case, but had failed to do so. Fowler stated that she discussed his failure to enroll during each of their meetings and appellant informed her that he did not have the money to enroll. Fowler explained that appellant was given a list of agencies offering an available course and that each agency charges different prices for the course. Finally, Fowler summarized the details of each of appellant's underlying offenses and recommended appellant's probation be revoked in each case.

During cross-examination, Fowler testified that appellant had told her on a few occasions that he was unable to report in person because he had trouble finding transportation. According to Fowler, when appellant had access to transportation, he reported in person. Fowler further testified that she was unaware of appellant having money and simply refusing to pay the court-ordered costs and fees. Additionally, Fowler testified that appellant had complied with some of his probation conditions and that not all violations were alleged in the motions to revoke. Finally, Fowler stated that appellant had told her he was bipolar and receiving mental health services, but he did not provide any documentation to that effect.

Sergeant Michael Allen of the Hitchcock Police Department also testified. On April 1, 2015, Allen was off duty and not in uniform when he stopped at the Power Mart convenience store and gas station in Hitchcock, Texas. Allen testified that he noticed appellant in the store because Allen had known him since appellant

was fifteen years old. Allen further testified that he is a warrant officer and knew that appellant had at least two active warrants for his arrest. According to Allen, appellant did not see him when Allen first walked into the store. But appellant appeared to recognize him when he turned around and saw Allen because appellant "looked surprised." Allen further testified that he said to appellant, "Lewin, you know you have these felonies and I can't let that ride." Allen then testified that he put appellant up against a counter and performed a safety pat-down, removing his phone, credit card, and cash. According to Allen, appellant cooperated but did not speak. Allen had left his phone and weapon in his car so he asked a female employee of the Power Mart to call 911. The employee responded by saying: "Are you playing?" At that point, Allen testified that he could tell appellant, who had a history of running, was getting ready to try to run.

Despite Allen's best efforts, appellant escaped from Allen's hold and ran out the front door of the store. Knowing he would be unable to catch him, Allen went to his car to alert fellow officers and to set up the search perimeter. Allen watched appellant run north on FM 519 in Hitchcock and set the perimeter accordingly. With the assistance of additional officers, appellant was located after a couple of hours. When the officers apprehended appellant, he apologized to Allen for running from him.

On cross-examination, Allen reemphasized that appellant knew who Allen was, regardless of whether Allen was wearing his police uniform. Allen admitted that he did not identify himself as a police officer or show appellant a badge, but stated that appellant was well aware that Allen was an officer.

Officer Jamaliah Davis of the Hitchcock Police Department also testified as to the events of April 1, 2015. According to Davis, the Department's communications division received a call that a black male, later identified as

5

appellant, was fighting with off-duty Sergeant Allen at the Power Mart. Davis was dispatched to the scene, where she witnessed appellant "ascending" several fences in a neighboring subdivision. Davis testified that several citizens and business owners called to report a black male running in front of their businesses or coming into the businesses and asking to use the phone. A perimeter was soon established in the area. Although Davis never yelled for appellant to stop, she testified that someone else did. She further testified that all officers dispatched to the scene were on duty and in uniform.

Deputy Billy Kilburn of the Galveston County Sheriff's Office was called as a fingerprint expert to verify appellant's identity for use of his previous conviction. Kilburn's testimony and the judgment for appellant's prior conviction for evading arrest or detention were admitted over objection.

Appellant testified that in late 2014, he lost his job and was evicted from his home, which made it difficult to report to his probation officer and pay fines, fees, and court costs. Appellant stated that had he been employed, he would have paid his fines, fees, and court costs "to the best of ability." Appellant further testified that he was assigned to perform community service in Santa Fe, Texas, but that he moved to Texas City, Texas, and did not have any transportation. Appellant claimed he asked to have his community service assignment changed to Texas City but was unable to contact the authorities in charge. According to appellant, he believed that the substance abuse class he completed sufficiently fulfilled all class requirements, including anger management.

Appellant also testified regarding his initial encounter with Sergeant Allen at the Power Mart. According to appellant, Allen came up behind him and grabbed him while he was at the cash register, without saying anything. Appellant stated that Allen never identified himself as a police officer or showed him a badge.

6

Because appellant did not know who was grabbing him, he "threw him off" and ran out of the store. Appellant testified that he would have surrendered himself had he known Allen was an officer. On cross-examination, appellant stated that although he had known Sergeant Allen for approximately eight years, he had never seen him in plain clothes and would not recognize him without a police uniform. When asked why his immediate response to someone touching him from behind was to fight them off and run outside of the store, appellant stated that "there was a lot of things going on at that time as far as the news-wise."

Appellant conceded on the record that he pled true to failing to report in person to his probation officer and failing to participate in his community work program, and appellant acknowledged accepting responsibility for these violations. Appellant further confirmed that on both prior occasions when the conditions of his probation were modified, he told the court and probation officers that he would be able to complete his probation.

Carl Beard, appellant's cousin, testified as to appellant's loss of employment. Carl had previously employed appellant to assist with building houses but eventually had to let him go when business became too slow. According to Carl's testimony, however, appellant was working for him fairly regularly in 2012, 2013, and 2014.

At the conclusion of the hearing, the trial court found there was sufficient evidence to support all six of the allegations alleged in each of the State's motions to adjudicate guilt and revoke probation. Following a punishment phase, the court sentenced appellant to 17 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice for each offense, with the sentences to run concurrently.

**ANALYSIS**

In two issues, appellant contends the trial court abused its discretion in revoking his probation because there was evidence that appellant's probation officer was aware of appellant's inability to pay court-ordered costs and fees as well as his lack of transportation, and there was insufficient evidence to prove appellant committed the new offense of evading arrest. We will address appellant's issues together.

In reviewing a probation revocation, we examine the evidence in the light most favorable to the trial court's findings to determine whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove, by a preponderance of the evidence, that appellant violated the conditions of probation in order to succeed on a motion to revoke probation. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). A plea of true to any one of the alleged violations is sufficient to support the trial court's order of revocation. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation. *See Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981); *Cole*, 578 S.W.2d at 128.

Because appellant entered pleas of true in both cases to the allegations that he failed to report in person to the probation department and that he failed to participate in the community work program, he cannot now challenge the sufficiency of the evidence to support the subsequent revocations of his probation.

Nevertheless, the evidence presented at appellant's revocation hearing is sufficient to prove by a preponderance of the evidence that appellant violated his probation. In community supervision revocation cases, a claim of insufficient

evidence is limited to the traditional legal-sufficiency analysis, in which we view the evidence in the light most favorable to the decision to revoke. *See Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). The State has the burden to establish by a preponderance of the evidence that appellant committed a violation of the terms and conditions of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). When the State fails to meet its burden, it is an abuse of discretion for the trial court to issue a revocation order. *Cardona*, 665 S.W.2d at 493–94. In a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974).

The State alleged, among other violations, that appellant violated his community supervision by committing the offense of evading arrest or detention. A person commits this offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (West 2015). Appellant contends the evidence was insufficient because Sergeant Allen failed to identify himself as a police officer and did not present a badge. Appellant further argues that he did not recognize Allen, despite having had previous encounters with him. According to appellant, he would not have run away had he known Allen was a police officer.

Appellant's argument amounts to an attack on the credibility of the State's evidence. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). Allen testified that he had known appellant for many years and that appellant

would recognize him, even out of uniform. Although appellant did not notice Allen immediately, Allen testified that appellant appeared to recognize him upon sight. Allen further testified that prior to conducting a safety pat-down on appellant, he stated, "Lewin, you know you have these felonies and I can't let that ride." While Allen attempted to call for backup, appellant fled. Allen testified that appellant later apologized for fleeing. The fact-finder is the sole judge of the credibility of the witnesses and strength of the evidence, and we must presume that the fact-finder resolved any conflicts in favor of the prevailing party. *Bargas v. State*, 252 S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We conclude the greater weight of credible evidence before the trial court supports the trial court's reasonable belief that it is more probable than not that appellant violated a condition of community supervision by evading arrest.

Appellant further argues that the State failed to carry its burden under Article 42.12, section 21(c) of the Texas Code of Criminal Procedure to prove appellant had the ability to pay all court-ordered fees and had transportation available to him. Section 21(c), also known as the "ability-to-pay statute," provides that when the *only* allegation at a community supervision revocation hearing is that the defendant failed to pay fees or court costs, the State must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge. Tex. Code Crim. Proc. Art. 42.12 § 21(c).

The ability-to-pay statute was addressed in the sole case cited by appellant, *Gipson v. State*, 383 S.W.3d 152 (Tex. Crim. App. 2012), in the context of a probation revocation hearing where the trial court revoked Gipson's probation based only on his plea of true to an allegation of failure to pay. The Texas Court of Criminal Appeals reversed and remanded the case for the court of appeals to determine, *inter alia*, whether the ability-to-pay statute applies to unpaid amounts

that are not explicitly listed in the statute. *Id.* at 158. Ultimately, following remand, the Court of Criminal Appeals held that the plain language of section 21(c) applies *only* when the State alleges violations of probation based on failure to pay specific fees and costs enumerated in the statute, not when the State alleges violations based on failure to pay fines. *Gipson v. State*, 428 S.W.3d 107, 108 (Tex. Crim. App. 2014) ("*Gipson II*"). The court noted that the Legislature easily could have included the word "fines" in the language of the statute if it wished to include them and that fines, unlike fees and costs, are punitive in nature, not remedial. *Id.* at 108–09.

Here, appellant attempts to extend the language of the ability-to-pay statute to include his failure to report to his probation officer and his failure to perform community service hours, which the Court of Criminal Appeals has implicitly held he cannot do. *See Gipson II,* 428 S.W.3d at 108–09. Moreover, appellant's probation was revoked in each case after the court found true six violations of his community supervision conditions as alleged by the State. *See id.* at 112–13 (Johnson, J., concurring) (reading section 21(c) to apply when the only violations alleged are ones that center on failure to pay and noting that, in that case, the State also alleged offense of theft and failure to avoid contact with victim of probated offense; concluding that section 21(c) would not apply based on presence of those non-monetary allegations). Thus, section 21(c) does not apply, and appellant cannot demonstrate the trial court abused its discretion in revoking his probation.

Accordingly, we overrule appellant's two issues.

Finally, we note that the judgment in cause number 12-CR-1192 for the offense of assault causing bodily injury contains a clerical error. The record reflects the trial court found true the State's allegations in paragraph numbers 1, 4, 13, 16, 26, and 35. The judgment incorrectly states, however, that the judge found

true paragraph numbers 1, 4, 12, 13, 16A, and 26. Accordingly, we reform the trial court's judgment to reflect the judge found true paragraph numbers 1, 4, 13, 16, 26, and 35. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to reform a judgment to "speak the truth").

We affirm the trial court's judgment in cause number 12-CR-1192, as reformed, and affirm the judgment in cause number 12-CR-1305.


/s/ J. Brett Busby
   Justice


Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).