

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00098-CR

_____

ALFREDO RAY BARRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 13-04-7834; Honorable Pat Phelan, Presiding

September 11, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

In 2015, pursuant to a plea bargain, Appellant, Alfredo Ray Barrera, was convicted for possession of a controlled substance, to-wit: methamphetamine in an amount of less than one ounce.[1]  Punishment was assessed at two years confinement in a state jail facility and a $750 fine, with both the sentence and fine being suspended in favor of four years community supervision.  Six months later, the State moved to revoke Appellant's

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

community supervision for violations of the conditions of supervision. In lieu of revocation, the trial court amended the conditions to include a requirement that he serve not less than sixty days in the county jail. Just over a year after that, the State again alleged that Appellant had violated numerous conditions of his supervision and it moved to revoke his community supervision. At a hearing on the State's new motion, Appellant entered a plea of true to those new allegations. The State presented testimony from the Director of the Department of Community Supervision, who indirectly supervised Appellant, and Appellant testified in his own behalf.[2] At the conclusion of the hearing, the trial court found the evidence sufficient to support Appellant's plea of true, revoked his community supervision, and assessed the original sentence of two years confinement in a state jail facility and a $750 fine. By a single issue, presented as two sub-arguments, Appellant contends the evidence is insufficient to support revocation of his community supervision. First, he maintains the State failed to introduce his community supervision history as a business record and the director lacked personal knowledge of his supervision history; and, secondly, he contends the State did not prove a willful refusal to pay his fine, costs, restitution, attorney's fees, and community supervision fees. We disagree.

APPLICABLE LAW AND STANDARD OF REVIEW

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this court is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant

---

[2] The director testified that after Appellant transferred his community supervision to Lubbock County and later Dallas County, he reported to officers in those counties; however, he was still required to report by mail to the Hockley County Community Supervision Department.

violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The finding of a single violation of community supervision is sufficient to support revocation. *See Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). *See also Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980) (finding that the single violation of failing to report was sufficient to support revocation and pretermitted consideration of other contentions). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

ANALYSIS

When Appellant entered his plea of true to the State's allegations, he was advised by the trial court that based on that plea, the allegations would be found to be true. The Director of the Community Supervision Department in Hockley County testified that Appellant failed to comply with each condition alleged by the State to have been violated. He failed to report as directed, changed his residence without the Department's knowledge or consent, failed to pay his fine, costs, and other required fees, failed to

3

perform community service as required, and failed to appear on two different dates for his performance review with the trial judge. The director added that records were kept substantiating the violations.

During cross-examination, defense counsel challenged the procedure of indirectly supervising Appellant by questioning whether the director had any personal knowledge of the alleged violations. The director referred to records from Lubbock County.

Appellant testified that he moved to Dallas with his family to better his life. He had been employed for eight months at the time he was arrested. During cross-examination, he acknowledged that he had moved without notifying Hockley County and had also stopped reporting and making required payments. Appellant used his wife's infidelity as an excuse for violating the conditions of community supervision because it had a detrimental effect on him. He wanted yet another opportunity to comply with the conditions of community supervision.

Citing to *Joseph v. State*, 3 S.W.3d 627, 641 (Tex. App.—Houston [14th Dist.] 1999, no pet.), Appellant acknowledges that to prevail, he must successfully challenge all findings that support the revocation order. During his testimony, he admitted that he moved without advising Hockley County, a condition alleged to have been violated in the State's motion to revoke. He also admitted to failing to report as directed and failing to make required payments.

Relying on *Gipson v. State*, 383 S.W.3d 152, 154-55 (Tex. Crim. App. 2012), Appellant questions the viability of his plea of true as being sufficient to support revocation and asserts his plea requires evidentiary confirmation. *Gipson* dealt with only an allegation of failure to pay and whether a plea of true to that allegation was sufficient to

4

support revocation. *Id.* The Court considered whether such an argument based on the inability-to-pay statute; TEX. CODE CRIM. PROC. ANN. art. 42A.751(i) (West 2018),[3] could be procedurally defaulted. *Gipson*, 383 S.W.3d at 156.

Here, if we eliminate Appellant's failure to pay as a ground for revocation, his plea of true to all the other allegations remains viable, including failure to report, failure to complete community service, and failure to notify Hockley County that he changed his residence. *See Rowley v. State*, No. 02-17-00107-CR, 2017 Tex. App. LEXIS 11164, at *7-8 (Tex. App.—Fort Worth Nov. 30, 2017, no pet.) (mem. op.) (affirming revocation of community supervision on a plea of true to a violation that did not involve inability to pay). His plea of true standing alone to those allegations condemned him. *See Moses*, 590 S.W.2d at 470. *See also Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. 1981). Appellant's sole issue is overruled.

CONCLUSION

The trial court's *Judgment Revoking Community Supervision* is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3] We note that article 42A.751(i) does not apply to restitution or fines. *See Lombardo v. State*, 524 S.W.3d 808, 813 n.4 (Tex. App.—Houston [14th Dist.] 2017, no pet.).