**Opinion filed August 31, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00244-CR
_____

## JORDAN BAILEY SMALLEY-HOPPER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. 2658**

### M E M O R A N D U M   O P I N I O N

Jordan Bailey Smalley-Hopper originally pleaded guilty in 2014 to the offense of aggravated kidnapping, a first-degree felony. *See* TEX. PENAL CODE ANN. § 20.04 (West 2019). The trial court deferred a finding of guilt and placed Appellant on community supervision for five years. Almost five years later, the State filed a motion to revoke community supervision and adjudicate guilt. The trial court conducted a hearing on this motion in 2019. At the conclusion of the hearing, the trial court found that four of the State's alleged violations were true. The trial court

extended the period of Appellant's deferred adjudication by four years. The trial court also ordered Appellant to serve 150 days in county jail and to successfully complete the SAFPF program.

Less than a year later, the State filed a subsequent motion to revoke and adjudicate guilt. In the subsequent motion, the State alleged thirteen violations of the terms and conditions of Appellant's community supervision. Appellant pleaded "true" to all thirteen alleged violations. At the conclusion of the hearing, the trial court found all thirteen alleged violations to be true. The trial court revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for a term of eight years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, Appellant challenges the revocation asserting that the trial court abused its discretion based on insufficient evidence offered at the revocation hearing. We affirm.

*Analysis*

In his sole issue, Appellant contends that the trial court abused its discretion when it revoked his community supervision and adjudicated him guilty. He asserts that the evidence was insufficient to support revocation. We note at the outset that Appellant pleaded true to all thirteen alleged violations in the State's subsequent motion to adjudicate. A plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see Tapia v. State*, 462 S.W.3d 29, 31n.2 (Tex. Crim. App. 2015). As noted in *Cole*, the sufficiency of the evidence to support revocation cannot be challenged in the face of a plea of true. 578 S.W.2d at 128; *see Gipson v. State*, 383 S.W.3d 152, 155–56 (Tex. Crim. App. 2012) (citing *Cole,* 578 S.W.2d at 128). When a defendant enters a plea of true at a revocation/adjudication hearing, the proceeding becomes a unitary

2

proceeding to determine the remaining issue of punishment. *Tapia*, 462 S.W.3d at 31 n.2. Accordingly, Appellant cannot challenge the sufficiency of the evidence to support the trial court's decision to revoke his community supervision and adjudicate his guilt.

Moreover, Appellant only challenges the sufficiency of the evidence with respect to one of the violations alleged by the State. It concerns the thirteenth alleged violation which alleged as follows:

> Said defendant, Jordan Bailey Smalley-Hopper, violated condition U (as added on March 4, 2019) which states the defendant is required to serve a term of confinement and treatment in a substance abuse treatment facility, abiding by all rules and regulations of said program for a term of not less than 90 days or more than one (1) year. Upon successful completion of the program, the defendant is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program; in that said defendant, Jordan Bailey Smalley-Hopper, was unsuccessfully discharged from the substance abuse felony punishment facility on March 13, 2020.[1]

Appellant takes issue with Tiffany Edwards as being the only witness presented by the State during the revocation hearing. Edwards is the SAFPF coordinator with the probation department. She testified that she received a phone call from SAFPF that Appellant had verbally threatened an officer and had used a racial slur. Edwards testified that Appellant was discharged from the SAFPF program and could not complete it due to him committing a "cardinal" or top tier violation. Edwards testified that she was involved in the decision for Appellant to be removed from the

---

[1]The other alleged violations involved three offenses for which Appellant had been convicted while on community supervision, using alcohol, leaving his home county without permission, failing to notify his supervision officer of a change of employment and a change of marital status, violating curfew, and failing to pay various fees.

3

SAFPF program. She further testified that Appellant's removal from SAFPF constituted the unsuccessful completion of the program.

On appeal, Appellant asserts that Edwards lacked firsthand knowledge of the events or procedure that SAFPF used in the recommendation for discharge. Because of Appellant's plea of true to all thirteen alleged violations, however, the State was relieved of its burden to present evidence of any violations. *See Tapia*, 462 S.W.3d at 31 n.2; *Cole*, 578 S.W.2d at 128. Moreover, Appellant has challenged only one of the trial court's findings in support of revocation. The violation of a single condition of community supervision is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

In light of Appellant's plea of true to all alleged violations, the trial court did not err by revoking Appellant's community supervision and adjudicating his guilt. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


August 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.